IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES FOSTER FLORENDO, | No. CV-05-3561-PHX-JAT (BPV) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| JOSEPH M. ARPAIO, et al., | |
| Defendants. | |

James Foster Florendo (Plaintiff), address presently unknown, filed with the Clerk of the Court on November 4, 2005, a *pro se* "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint) pursuant to 42 U.S.C. § 1983.[1] Plaintiff has not paid the two hundred and fifty dollar ($250.00) filing fee, but he has been authorized to proceed *In Forma Pauperis.*

**RETURNED MAIL**

On November 4, 2005, the Court entered a Notice of Assignment and mailed a copy of the document to Plaintiff at the address listed on his Complaint. (Document # 2) On April 3, 2006, the Court entered an order directing the Clerk of the Court to mail a service packet

---

[1] When Plaintiff filed the Complaint, he was confined in the Lower Buckeye Jail in Phoenix, Arizona.

- 1 -

1 to the Plaintiff, due for return to the Court on April 24, 2006. (Document # 3) The service
2 packet was mailed by the Clerk of Court to Plaintiff at his last known address at the Durango
3 Jail on April 4, 2006. On April 11, 2006, the service packet was returned to the Clerk of the
4 Court indicating "Return to Sender." (Documents # 5) The Clerk of Court conducted
5 research for an alternative address, to no avail. (Id.) Since then, Plaintiff has failed to file
6 a Notice of Change of Address, or in any way to notify the Court of his whereabouts.

7 Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an
8 incarcerated litigant comply with the instructions attached to the Court-approved Complaint
9 form. Those instructions state: "You must immediately notify the clerk . . . in writing of any
10 change in your mailing address. Failure to notify the court of any change in your mailing
11 address may result in the dismissal of your case." (Information and Instructions for a
12 Prisoner Filing Civil Rights Complaint at 2).

13 Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply
14 with the following rules will result in your document being STRUCK and/or your case being
15 DISMISSED." (Notice at 1). One of the rules listed is that "[y]ou must file a Notice of
16 Change of Address if your address changes." (Document #2).

### FAILURE TO PROSECUTE

18 Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co.*
19 *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the
20 duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her
21 current address, and to comply with the Court's orders in a timely fashion. This Court does
22 not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
23 the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*
24 *King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
25 his new address constitutes failure to prosecute.

26 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
27 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
28 move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31

1  (1962), the Supreme Court recognized that a federal district court has the inherent power to
2  dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)
3  of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
4  in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
5  without notice or hearing. *Id.* at 633.

6  In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,
7  the Court must weigh the following five factors: "(1) the public's interest in expeditious
8  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to
9  the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the
10 availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v.*
11 *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the
12 imposition of sanctions in most cases, while the fourth factor cuts against a default or
13 dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."
14 *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

15 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
16 to keep the Court informed of his address or to actively participate in this case prevents the
17 case from proceeding in the foreseeable future. The fourth factor, as always, weighs against
18 dismissal. The fifth factor requires the Court to consider whether a less drastic alternative
19 is available. Without Plaintiff's current address, however, certain alternatives are bound to
20 be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an
21 order imposing sanctions would only find itself taking a round trip tour through the United
22 States mail." 856 F.2d at 1441.

23 The Court finds that only one less drastic sanction is realistically available. Rule
24 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
25 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
26 a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can
27 be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
28 Procedure.

**RECOMMENDATION**

Based on the foregoing and pursuant to 28 U.S.C. § 636(b), the Magistrate Judge recommends that the "Civil Rights Complaint By A Prisoner" [Doc. No. 1] and this action be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 10 days after being served with a copy of this Report and Recommendation. If objections are not timely filed they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV 05-03561-PHX-JAT.**

DATED this 5th day of June, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge